UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| PAUL ARCHAMBAULT, individually, and as Administrator of the Estate of HARRIET ARCHAMBAULT, Deceased,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. 12-5057-JLV<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR CHANGE OF VENUE**<br>[Docket 10] |

## INTRODUCTION

Pending before the court is a motion to transfer venue filed by defendant United States of America.  The United States moves the court to transfer the above-captioned case to the United States District Court for the District of South Dakota, Northern Division, pursuant to 28 U.S.C. § 1404(b).  See Docket No. 10.  Plaintiff Paul Archambault, as Administrator for his wife's estate, did not file a response to the motion within the time set by the district court and local rules.  The district court, the Honorable Jeffrey L. Viken, referred the motion to this magistrate judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A).  See Docket No. 13.

**FACTS**

Paul Archambault brought suit on behalf of his wife's estate against the Department of Health and Human Services, a federal agency of the United States, which operates the McLaughlin Indian Health Service ("IHS") Hospital in McLaughlin, South Dakota, alleging that the hospital's medical malpractice resulted in his wife's death.  See Docket No. 1.  Defendant asserts that the IHS facility in McLaughlin is a clinic.  See Docket No. 12 at 1, ¶ 2.  This court will refer to the clinic/hospital as "the McLaughlin IHS facility" for purposes of this opinion.  Jurisdiction is proper in federal court because the United States is the defendant.  See 28 U.S.C. § 1346(b)(1).

The McLaughlin IHS facility is located within the exterior boundaries of the Standing Rock Sioux Indian Reservation and provides services to Native Americans.  See Docket No. 1 at page 1, ¶ 2.  The parties agree that Paul Archambault's wife, Harriet, had her last prescription for hypertension medication filled at the McLaughlin IHS facility on approximately October 25, 2007.  See id. at page 2, ¶ 4; see Docket No. 12 at page 1, ¶ 4.  Paul Archambault alleges the McLaughlin IHS facility staff examining his wife noted increased blood pressure but did not reschedule a recheck appointment earlier than three months out.  See Docket No. 1 at page 2, ¶ 5.  According to Mr. Archambault, his wife Harriet visited the McLaughlin IHS facility eight times during October and November of 2007 because she was experiencing new

symptoms of shortness of breath, chest pains, and dizziness. Id. at ¶¶ 6-7. Mr. Archambault asserts that the McLaughlin IHS facility has a policy of seeing ten patients per morning and ten patients per afternoon on a first-come, first-served basis. Id. Mr. Archambault states that Harriet was turned away each time she attempted to get an appointment. Id.

Harriet Archambault died on November 27, 2007 from a myocardial infarction and congestive heart failure. See Docket 1-1 at page 3. Mr. Archambault claims that the McLaughlin IHS facility's negligence caused his wife's death. See Docket 1 at page 3, ¶ 9. The United States denies any liability. See Docket No. 12 at page 3, ¶ 3. Mr. Archambault asserts that he has exhausted all administrative remedies by submitting a claim to IHS on October 19, 2009. See Docket 1 at page 3, ¶ ¶ 11-12. The United States denies that Mr. Archambault's claim was presented in accordance with statutory requirements. See Docket No. 12 at page 2, ¶ 11.

The government filed the instant motion to transfer venue to the District of South Dakota, Northern Division pursuant to 28 U.S.C. § 1404(b). See Docket No. 10. The government notes that both the McLaughlin IHS facility and Mr. Archambault's residence are located in Corson county, South Dakota, which is within the Northern Division. See Docket No. 11 at 2; 28 U.S.C. § 122(1). Further, the government concludes that the Northern Division would be a more convenient forum for the witnesses. See Docket No. 11 at 2-3.

**DISCUSSION**

Parties may request that venue be transferred to another federal court. Discretionary transfer under § 1404(a) may be appropriate where the action is brought in one district or division, but might have properly been brought in another, and where the choice of forum implicates considerations of inconvenience to the parties and witnesses. See 28 U.S.C. § 1404(a). Intradistrict transfers (i.e. transfers from one division to another division within the same district) are governed by § 1404(b). See 28 U.S.C. § 1404(b). Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

See 28 U.S.C. § 1404(a).

Section 1404(b) provides in relevant part:

> Upon motion, consent, or other stipulation of all parties, any action, suit, or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."

See 28 U.S.C. § 1404(b).

To satisfy the "heavy burden" that rests with a movant requesting a transfer pursuant to 28 U.S.C. 1404(a), "the movant must demonstrate that the relevant factors weigh 'strongly' in its favor." Austin v. Nestle USA, Inc., 677 F. Supp. 2d 1134, 1137 (D. Minn. 2009). The burden is not as heavy,

however, when the movant requests a transfer pursuant to 28 U.S.C. § 1404(b):

"[i]ntradistrict transfers pursuant to 28 U.S.C. § 1404(b) are discretionary transfers subject to the same analysis as under 28 U.S.C. §1404(a) but are judged by a less rigorous standard." Edwards v. Sanyo Mfg. Corp., No. CV 00293-WRW, 2007 WL 641412, at *1 (E.D. Ark. Feb. 27, 2007); see also Johnson v. Burlington-Northern, Inc., 480 F. Supp. 259, 260 (W.D. Mo. 1979); Cottier v. Schaeffer, No. 11-5026-JLV, 2011 WL 3502491 at *1 (D.S.D. Aug. 10, 2011).

The Eighth Circuit has directed that "case-specific factors" relevant to convenience and fairness should be considered to determine whether transfer is warranted. In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010). In considering the "balance of convenience" the court may consider:

> (1) the convenience of the parties, (2) the convenience of the witnesses–including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location whether the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997) (internal citations omitted). In considering whether "the interests of justice" are promoted by transfer, the court may consider factors such as:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each

5

>party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Id.

### 1. Balance of Convenience Factors

As to the convenience of the parties, both plaintiff's residence and the McLaughlin IHS facility are located within the Northern Division. See Docket 11 at 2. Considering the convenience of the witnesses, the government notes that eight of the known witnesses would have to travel a considerable distance to either Rapid City or Aberdeen, but that Aberdeen is closer to their residences. See id. at 2-3 (illustrative chart demonstrating distance in miles and accompanying notes that travel to Rapid City would be 50 percent farther). One witness lives much closer to Rapid City. Id. at 2. Finally, for two witnesses living in Kansas and Alaska, respectively, testifying at trial would require considerable travel regardless of the whether the trial is in Aberdeen or Rapid City. Id. at 2-3.

Documentary evidence such as medical records is located in McLaughlin, Ft. Yates, or Aberdeen. Id. at 3. Furthermore, Mr. Archambault asserts that the alleged malpractice occurred at the McLaughlin IHS facility, which is located within the Northern Division. See Docket No. 1 at page 2, ¶¶ 5-7. Because the government requests an intradivision transfer of venue rather than transfer to another district, this court need not consider any conflict-of-law

6

issues. This court finds that the inconvenience to the parties factors weigh in favor of defendant's motion to transfer.

### 2. Interests of Justice Factors

The location of documents implicates considerations of judicial economy and the comparative costs to the parties of litigating in each forum. As the documents are located within the Northern Division, this factor weighs in favor of transfer. As discussed above, the convenience of the witnesses also weighs in favor of transfer. The only known connections to the Western Division are that the plaintiff's lawyer practices in Rapid City and that one witness works at Fort Meade, near Sturgis, South Dakota (a distance of 25 miles from Rapid City). As the plaintiff has not responded to the government's motion, this court is not aware of any evidence that transfer would present difficulties in enforcing a judgment or obstacles to a fair trial. This court finds that the interest of justice factors weigh in favor of defendant's motion to transfer.

## CONCLUSION

Because the alleged events occurred within the Northern Division, plaintiff lives in the Northern Division, and venue in the Northern Division would be more convenient for the majority of witnesses and the production of documents, this court concludes that transfer is warranted, it is hereby

ORDERED that the defendant's motion to transfer venue to the District of South Dakota, Northern Division (Docket No. 10) is granted.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  Id.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court

Dated December 17, 2012.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE